**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHANE WILLIAM JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNKNOWN GRISHAM, et al., )<br>)<br>Defendants. ) | No. 4:19-cv-3258-SRC |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Shane William Johnson, an inmate at the Phelps County Jail, for leave to commence this civil action without prepaying fees or costs. (ECF No. 8). For the reasons stated below, the Court will grant the motion, and allow plaintiff to proceed without payment of an initial partial filing fee. The Court will strike plaintiff's unsigned motion for leave to proceed without prepaying fees or costs. Additionally, the Court will dismiss the complaint without prejudice and deny plaintiff's motion for injunctive relief, and deny as moot his motion to appoint counsel and his motion seeking to correct the amount of monetary damages claimed.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.* However, according to § 1915(b)(4), this Court shall not prohibit a prisoner "from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

When plaintiff initiated this action, he filed a document purporting to be a motion for leave to proceed without prepaying fees or costs. (ECF No. 3). The document was incomplete and unsigned, and the Court gave plaintiff the opportunity to correct the deficiencies. Plaintiff subsequently filed the instant motion, along with an inmate account statement. The statement indicates that plaintiff has had a zero account balance and no deposits to his account during the relevant time period. It further indicates that as of December 31, 2019, plaintiff was subject to a $334.76 debt. It is apparent that plaintiff has no means to pay an initial partial filing fee, and the Court will therefore not assess one. *See* 28 U.S.C. § 1915(b)(4).

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to effectively excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Correctional Officer Grisham, Lieutenant Schultz, and Nurse Kelley. Plaintiff identifies Schultz as the Lieutenant of the Phelps County Jail. Plaintiff sues Grisham in his individual capacity, and Schultz in his official capacity. He does not indicate the capacity in which he sues Kelley. Therefore, the Court interprets the complaint as asserting only official-capacity claims against Kelley. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."). The events giving rise to plaintiff's claims occurred when he was a pretrial detainee at the Phelps County Jail. He alleges as follows.

On February 4, 2019 between 8:30 and 11:00 a.m., plaintiff was booked into the Phelps County Jail to await transport to another facility. As plaintiff was preparing to leave, Grisham gave him a bag containing his property. Plaintiff saw "a needle that is used for medical or drugs," but did not know where it came from. (ECF No. 1 at 4). He refused to accept the property bag, and went to change his clothes. Afterwards, correctional officers placed him in restraints. He asked Grisham to give him his shoes, but Grisham refused and told him to sit down. When plaintiff did not quickly comply with Grisham's directive, Grisham grasped plaintiff's arm. Plaintiff pulled his arm out of Grisham's hands. Grisham then grasped plaintiff's neck, and threw him to the ground. Three other corrections officers held plaintiff down while Grisham "kneed" plaintiff's head. *Id.* "None of the staff" asked plaintiff if he needed medical treatment. *Id.* "They" put plaintiff in a van and took him to prison, and told the prison staff that he was trouble. *Id.*

Elsewhere in the complaint, plaintiff alleges that, on September 20, 2019, Grisham told plaintiff that he "better be on my best behavior in this jail this time or [he] would beat my ass like he did on 02/04/19 on 02//04/19 I couldn't write a grievance because I was sent to D.O.C. But D.O.C. document[ed] the incident." *Id.* at 7. Plaintiff alleges he suffered an unspecified head injury and headache. He seeks damages in the amount of $250,000.[1]

Attached to the complaint is a document titled "Memorandum in Support of Complaint Under 42 U.S.C. § 1983." (ECF No. 1-2). Therein, plaintiff writes:

> Plaintiff notes the Lt. Schultz has intentionally created a hostile systemic deprivational atmosphere by orchestrating & promoting assaults, cover ups, and a denial of medical care in coloboration with the unethical cadre member 'Nurse Kelley' who covers up assault injuries and provides a falsification of paperwork! [*sic*]

---

[1] After the complaint was docketed, plaintiff filed a motion seeking to correct the amount of damages claimed, contending that it was indicated he claimed only $50,000. (ECF No. 11). Having reviewed the complaint, the Court notes that plaintiff indeed claims damages in the amount of $250,000, although the first digit is difficult to read. However, because this case will be dismissed, there is no need to further address this issue. The Court will therefore deny the motion as moot.

> Plaintiff notes that Nurse Kelley knew that the use of excessive force was conveyed and that I was injured but 'Nurse Kelley' has been indoctrinated by Lt. Schultz and his barbaric cadre to cover up assaults conveyed by violent correctional staff! [*sic*]
>
> Plaintiff notes, co Grisham used excessive force on me & I suffered psychological injuries, physical injuries emotional injuries, and financial injuries and Lt. Schultz instructed cadre to destroy video footage! [*sic*]

*Id.* at 1 (emphases in original).

Shortly after filing the complaint, plaintiff filed a motion seeking injunctive relief. Plaintiff did not frame the motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under Rule 65(b)(1), which governs issuing a temporary restraining order without notice to the adverse party or his attorney. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if…specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

In the motion, plaintiff states he is being "prejudicially detained at the Phelps County Jail," and is "denied medical healthcare and subjected to malicious hostility and assaultive type of deprivational [*sic*] practices by malicious cadre members who are retaliatorial [*sic*] in illegal support of co Grisham assaults against me and Nurse Kelley infringements on my rights." (ECF No. 5 at 1). He states he is "facing imminent peril and irrepariable [*sic*] harm" by Grisham "trying to use excessive deadly force on me in persistent malicious orchestrations & I've been persistently subjected to malevolent violent inclinations and systemic cover ups by malicious actions pertinent Nurse Kelley!" *Id.* (emphasis in original). Plaintiff alleges no facts in support of those statements. He states he seeks a "temporary order of restraint to preserve the status quo of cause." *Id.*

## Discussion

5

The Court first addresses plaintiff's claims against Grisham. Plaintiff seeks damages against Grisham for the use of excessive force. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Pretrial detainees are entitled to greater protection than convicts because they cannot be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).

To bring a claim for excessive force under § 1983, "a pretrial detainee must show . . . that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. *See also Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). Whether the force used was objectively unreasonable "turns on the facts and circumstances of each particular case." *Kingsley*, 135 S. Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts "must assess the actions of each officer 'from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.'" Factors relevant to assessing the objective reasonableness of the force used by an officer include the relationship between the need for force and the amount of force used, the extent of the plaintiff's injury, efforts by the officer to limit the amount of force, the severity of the security problem, the threat reasonably perceived by the officer, and whether the plaintiff was resisting. *Kingsley,* 135 S. Ct. at 2473, *Ryan,* 850 F.3d at 427.

Here, taking plaintiff's factual allegations as true, they do not permit the inference that the amount of force Grisham used was unreasonable in relation to the force required. Plaintiff's allegations establish that Grisham first used a minimal amount of force when plaintiff failed to

6

comply with a directive, and then used a greater amount of force when plaintiff offered physical resistance. It is therefore apparent that there was a need for Grisham to use force, and that he tempered the amount of force he used based upon plaintiff's actions. It is also apparent that plaintiff was resisting, which is a relevant factor to consider in determining whether plaintiff has stated a valid excessive force claim. *See id.* It also tends to show that Grisham used a greater amount of force because he reasonably perceived a threat.

Additionally, while plaintiff complains that no one asked him if he needed medical treatment, he alleges no facts permitting the inference that Grisham's actions caused an injury that required medical assessment or treatment. Plaintiff also fails to allege that he ever requested medical treatment, either at the Phelps County Jail or at the facility to which he was transferred, nor does he allege that Grisham's actions caused any lasting injuries. The extent of injury is a relevant factor in determining the objective reasonableness of an officer's use of force. *Kingsley*, 135 S. Ct. at 2473, *Ryan*, 850 F.3d at 427; *see also Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) ("A de minimis use of force is insufficient to support a claim, and it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minimis use of force.").

In the Memorandum accompanying the complaint, plaintiff alleges that Grisham "used excessive force on me" that caused unspecified "psychological injuries, physical injuries emotional injuries and financial injuries." (ECF No. 1-2 at 1). These are the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir.

2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

In sum, plaintiff's allegations do not permit the inference that the particular force used by Grisham under the circumstances was objectively unreasonable. The Court therefore concludes that plaintiff has failed to state a plausible claim of excessive force against Grisham. *See Iqbal*, 556 U.S. at 678 (A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff also alleges that on September 20, 2019, Grisham said that plaintiff should be on his best behavior or he would beat him. Generally, allegations of mere verbal threats do not state a § 1983 claim. *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is because the Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from idle threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest. *Id*.

A threat can be actionable if it rises to the level of a "brutal and wanton act of cruelty." *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992). A threat can also be actionable if it places coercive pressure on the plaintiff, thereby causing him to suffer the deprivation of a constitutional right. *King*, 117 F.3d at 1067. Here, plaintiff alleges a single instance of a verbal threat, with no allegations of brutality, wanton cruelty, or coercive pressure. Such allegations do not state a claim of constitutional dimension.

The Court now turns to plaintiff's claims against Schultz and Kelley, both of whom plaintiff sues in an official capacity. Bringing an official capacity claim against a government official is the equivalent of bringing a claim against the governmental entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon the allegations in the

complaint, Schultz and Kelley are employed by the Phelps County Jail, which is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no non-conclusory allegations of a municipal policy or custom of unconstitutional action, as would be required to state a claim against Phelps County. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had named Schultz and Kelley in their individual capacities, his allegations would not state plausible claims against them. Plaintiff offers no non-conclusory allegations that Schultz or Kelley were directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Instead, plaintiff alleges that Schultz created a hostile environment by "orchestrating & promoting" unspecified "assaults, cover ups, and a denial of medical care" in concert with an "unethical" and "barbaric" "cadre," and instructed "cadre" to destroy unspecified video footage. (ECF No. 1-2 at 1). Regarding Kelley, plaintiff alleges she was a "cadre member" who engaged in cover-ups and falsified unspecified paperwork. *Id.* Again, these are the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti*, 868 F.3d at 671.

After carefully reading and liberally construing the complaint, the Court concludes that plaintiff's allegations fail to state plausible claims under § 1983. This is not due to pleading

9

deficiencies that could be cured via amendment. Instead, it is clear that the specific claims plaintiff wishes to bring are simply not actionable or viable under §1983. The Court will therefore dismiss the complaint at this time, without prejudice. The Court will also deny plaintiff's motion for injunctive relief, inasmuch as the complaint contains no specific facts that clearly show that he will suffer immediate and irreparable injury, loss or damage. *See* Fed. R. Civ. P. 65(b)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 8) is **GRANTED**. Plaintiff will not be required to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

**IT IS FURTHER ORDERED** that plaintiff's incomplete and unsigned motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) and his motion to correct monetary demand (ECF No. 11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief (ECF No. 5) is **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of May, 2020.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

10